Filed 3/23/21  P. v. Benedict CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C091708 |
| Plaintiff and Respondent, | (Super. Ct. No. 18FE002865) |
| v. | |
| JOSHUA ALLEN BENEDICT, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Joshua Allen Benedict filed an opening brief setting forth the facts of the case and asking this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant filed a supplemental brief raising several issues.  After reviewing the entire record, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 123-124.)

1

FACTUAL AND PROCEDURAL BACKGROUND

On February 12, 2018, Rancho Cordova police officers encountered defendant with his girlfriend after receiving a call of domestic violence. Deputies tried to separate defendant from the potential victim and defendant became noncooperative, started yelling, and refused to comply. The detainment turned into a struggle on the ground before defendant eventually was arrested. On April 4, 2018, while on bail, defendant again violently resisted an officer or officers after violating a protective order. This included trying to get out of the police car and rolling away from officers, requiring them to place him in maximum restraints. Defendant was charged with two felony counts of violently resisting an officer or officers (Pen. Code, § 69)[1] and two misdemeanor counts of violating a protective order (§ 273.6, subd. (a)). It also was alleged that defendant committed the second resisting an officer or officers offense while out on bail. (§ 12022.1.)

In May 2018, the court found defendant competent to stand trial, and denied a *Marsden*[2] motion to remove his attorney. In August 2018, defendant's counsel filed a *Pitchess*[3] motion for discovery of law enforcement personnel documents related to defendant's arrests.

On September 10, 2018, defendant pleaded guilty to both counts of violently resisting an officer of officers, one violation of a protective order, and the bail enhancement. The court sentenced defendant to the stipulated term of four years eight months, with the last two years and eight months suspended pending successful completion of mandatory supervision. The court also imposed a no contact order in favor

---

[1]    Undesignated statutory references are to the Penal Code.

[2]    *People v. Marsden* (1970) 2 Cal.3d 118.

[3]    *Pitchess v. Superior Court* (1974) 11 Cal.3d 531.

of J.R., the mother of defendant's daughter.  The second violating a protective order charge was dismissed.

On November 25, 2019, a petition for probation revocation was filed.  On February 21, 2020, the court held a hearing on the violation.  J.R. testified defendant and his girlfriend walked by J.R.'s boyfriend's house, where J.R. was spending the night, and defendant said, "Now I know where you live."  The pair then left but returned 10 to 15 minutes later; J.R. called police.  J.R.'s boyfriend, S.N., then testified to a substantially similar series of events, including hearing defendant say, "Now I know where you live at."  Sacramento County Sheriff's Detective Ruben Ledesma testified he responded to J.R.'s call and arrested defendant, who again violently resisted.

The court found by a preponderance of the evidence that defendant violated his probation.  The court was persuaded that defendant said, "Now I know where you live," which "clearly violates the protective order," so it found "him in violation of [probation]."

The sentencing hearing was held later the same day.  Detective Ledesma testified that defendant threatened to put a "bullet through [J.R.'s] head."  The Sacramento County Sheriff's Department booking supervisor also testified that defendant said, "When I bond out, I'm going to go on a killing spree."  Defense counsel submitted mental health records in mitigation.  The court reiterated that it found defendant violated probation by failing to abide by the restraining order.  The court also found in aggravation defendant's statements threatening J.R.  It then revoked probation and ordered defendant to fulfill his entire term.  The court also dismissed two other alleged probation violations.

Defendant appealed from "a contested violation of probation" without a certificate of probable cause.

DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts and procedural history of the case and asks this court to

3

review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed.

Defendant filed a supplemental brief raising several issues.  Most of defendant's challenges relate to events occurring before his plea in 2018, which are both untimely and unappealable without a certificate of probable cause, which he did not obtain.  (Cal. Rules of Court, rules 8.304(b), 8.308(a); § 1237.5; *People v. Panizzon* (1996) 13 Cal.4th 68, 74-78.)

Defendant's challenges relating to the probation violation hearing are properly raised but we find they lack merit.  First, he questions the veracity of the evidence presented at the probation hearing.  To the extent defendant is challenging the sufficiency of the evidence supporting the trial court's finding of a probation violation, we disagree. "The standard of proof in a probation revocation proceeding is proof by a preponderance of the evidence," and "[w]e review a probation revocation decision pursuant to the substantial evidence standard of review" according "great deference" to the trial court's decision.  (*People v. Urke* (2011) 197 Cal.App.4th 766, 772, 773.)  " 'Even when there is a significant amount of countervailing evidence, the testimony of a single witness that satisfies the standard is sufficient to uphold the finding.'  [Citation.]"  (*People v. Lucero* (2019) 41 Cal.App.5th 370, 411.)  There was substantial evidence here because two witnesses testified to defendant saying to J.R., "Now I know where you live."  This was a violation of the protective order and consequently a violation of his probation.

Second, defendant contends his counsel failed to challenge the prosecutor's witnesses and call witnesses that defendant asserts would testify favorably for him.  To the extent he is claiming ineffective assistance of counsel, we reject the claim.  To establish ineffective assistance of counsel, the defendant has the burden of demonstrating that counsel's performance was deficient because it fell below an objective standard of reasonableness under prevailing professional norms and he or she was prejudiced by that

4

deficiency. (*People v. Lopez* (2008) 42 Cal.4th 960, 966.) " 'Unless a defendant establishes the contrary, we shall presume that "counsel's performance fell within the wide range of professional competence and that counsel's actions and inactions can be explained as a matter of sound trial strategy." [Citation.] If the record "sheds no light on why counsel acted or failed to act in the manner challenged," an appellate claim of ineffective assistance of counsel must be rejected "unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation." [Citations.]' " (*Ibid.*) "A claim of ineffective assistance in such a case is more appropriately decided in a habeas corpus proceeding. [Citation.]" (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267; see *People v. Jones* (2003) 29 Cal.4th 1229, 1254 [ineffective assistance claims properly resolved on direct appeal only where record affirmatively discloses no rational tactical purpose for counsel's act or omission].)

We conclude defendant has failed to carry his burden to establish that trial counsel provided inadequate representation during the probation violation hearing. The record is silent as to trial counsel's strategy in examining the prosecution's witnesses and defendant's discussion with counsel, if any, regarding potential defense witnesses. Beyond the statements in defendant's supplemental brief, nothing in the record supports his factual representations regarding potential witnesses and unexplored impeachment of the prosecution's case. We will not consider facts provided for the first time on appeal. (See *People v. Pena* (1972) 25 Cal.App.3d 414, 421-422, disapproved on other grounds by *People v. Duran* (1976) 16 Cal.3d 282, 292.) Defendant's ineffective assistance of counsel claim thus fails on direct appeal and is more properly raised in a habeas corpus petition.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant. Accordingly, we affirm the judgment.

5

DISPOSITION

The judgment is affirmed.

      KRAUSE      , J.

We concur:

      BLEASE      , Acting P. J.

      ROBIE      , J.